CLARA H. STRANAHAN v. WILLIAM E. RICHARDSON and Another.[1]

January 14, 1898.

Nos. 10,700—(50).

Pleading—Complaint—Demurrer—Contract—Investment in Real Estate for Joint Profit.

On the construction placed by the court upon a clause found in a certain contract, it is *held* that a cause of action is stated in the complaint herein.

Action in the district court for St. Louis county on a contract dated May 5, 1888. The plaintiff alleged a demand upon defend-

1 Reported in 73 N. W. 858.

ants, after five years from date of purchase, to close out the investments in real estate by sale. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order, Cant, J., overruling the demurrer defendants appealed. Affirmed.

In addition to the condition quoted in the opinion the contract contained the following paragraph:

"The general policy to be pursued shall be to realize profits as quickly as possible from investments, but at the end of five (5) years from the date of this contract, if any investment hereunder remains unsettled, on demand of the party of the first part such investment shall be closed out within a reasonable time after such demand in writing, and the party of the first part shall always receive all her back money, with interest thereon at eight (8) per cent. from the date of such investments before the parties of the second part shall receive any profits thereunder, and the parties of the second part shall only be entitled to one-half of the net profits in any event, after the party of the first part is repaid all her money and eight (8) per cent. interest from the date of the investment to the date of the settlement."

*R. R. Briggs,* for appellants.

The contract shows unequivocally that defendants were appointed agents to invest the funds of their principal, and in lieu of a stated compensation for services the agents were to receive one-half of the net profits accruing by sale of the property. If the agents fail to effect a sale within five years or within a reasonable time thereafter, then the plaintiff could either keep or sell the land, free from all claim of the agents for compensation. It is manifest that both parties to the contract accepted as inevitable that real estate in Duluth could not decline in value. There is no provision anywhere that, in case of sale at a price less than cost, the agents would themselves pay the principal the amount of loss on the sum invested. The contract provides for an investment of $2,200 only. The complaint alleges a sale of land in Portland Division for $1,800, which sum plaintiff received in cash or purchase money mortgage and still retains and which may have been in excess of the amount invested in land, the complaint being silent as to what sum was invested; that the Central Division land, which plaintiff still holds,

is worth $1,500. In other words, she has $1,100 more than the sum specified in said contract for investment. From no point of view can the contract be one obligating the agents to buy the property at cost price, with taxes and interest added, in case they fail to sell.

*Alford & Hunt,* for respondent.

The complaint alleges an agreement between the parties wherein they reciprocally undertook to do certain things. A full performance of the contract by respondent and a breach by appellants can be ascertained from the complaint. From the facts alleged in the complaint appropriate relief can be ascertained.

COLLINS, J.

The complaint herein states a cause of action. The contract between plaintiff, as of the first part, and defendants, co-partners, as of the second part, seems plain and unambiguous in its terms. The plaintiff agreed to furnish to defendants, for investment in Duluth real estate, the sum of $2,200. The defendants were to purchase the property in plaintiff's name. They were to take charge of it as plaintiff's agents, and were to sell the same within a reasonable time. All these things were to be done by defendants without compensation, except as it might come through sales at a net profit; the plaintiff first receiving the amount of money she had invested, with interest at 8 per cent. per annum. If there was a net profit in excess of the 8 per cent. per year on the investment, it was to be equally divided between plaintiff and defendants. There was also this condition in the contract:

"It is especially agreed by first party that she will not in any event require a disposition of the property purchased under this agreement within five (5) years from date of purchase of same; and, in consideration of such agreement, second parties hereby agree, within a reasonable time after the expiration of said five years, at the request of first party, to dispose of said property and return to first party the amount invested hereunder, together with one-half of the net profits thereon; and, if such profit does not amount to at least eight per cent. (8 per cent.) per annum, second parties will pay to first party such sum as will make the profit equal to eight per cent. (8 per cent.) per annum on the investment."

It was alleged that under this contract plaintiff furnished to de-

fendants the sum of $5,103.42, a part of which was invested in certain described lots in Duluth, while the balance was paid out in taxes, local assessments, and other liens upon the property. Then followed formal allegations, which, in connection with those which preceded, admittedly stated a cause of action, unless we concede what is asserted by counsel for defendants,—that his clients nowhere and in no manner agreed that in case of a sale for a sum less than the amount of the investment, with 8 per cent. annual interest thereon, they would themselves pay the amount of the loss or deficiency.

The contract clause which we have quoted provides for a sale of the property after five years, upon plaintiff's request; the defendants agreeing to return to plaintiff the amount she had invested, and one-half of the net profits, and also that, if this profit did not amount to at least 8 per cent. per annum on the investment, they would pay a sum sufficient to make the profit equal to 8 per cent. The language used will not bear any other construction. It may be possible, as contended for by counsel for defendants, that both parties to this contract were always contemplating profits, and never losses, in their investments; but we cannot agree with him in the further assertion that plaintiff absolutely failed to provide for a depreciation in prices. That she did make provision for such a contingency is quite obvious.

Counsel also make the point that $2,200 is the amount agreed to be invested, and, in any event, is the limit of defendants' liability. A determination of this point is not involved in the present appeal. Nor do we wish to be understood as holding that, under the contract, defendants have obligated themselves to take the property and pay cost price for it, with all taxes, local assessments, and liens added, with interest annually at 8 per cent. The method of determining the amount and extent of defendants' liability must be ascertained by the trial court, and in accordance with the terms of the contract itself.

Order affirmed.